THROUGH 10 (the "Broker Doe Defendants") acted as mortgage brokers for Plaintiff by soliciting lenders for or negotiating loans or performing services for Plaintiff in connection with loans secured directly or collaterally by liens on real property.

117.   The Broker Doe Defendants violated California's Real Estate Licensing Regulations (Cal. Bus. & Prof. Code §10240 *et. Seq.*).  The Broker Defendants', and each of their, violations of said Regulations include, but are not limited to the following:  defendants failure to  deliver timely a legally compliant good faith estimate as required by Cal. Bus. & Prof. Code §10240(a), and defendants failure to deliver timely the other disclosures required by Cal. Bus. & Prof. Code §10240.

118.   Insofar as the Broker Doe Defendants, and each of them, violated  Cal. Bus. & Prof. Code §10240, the loans discussed above were negotiated in violation of California's Real Estate Licensing Regulations.

119.   As a direct and proximate result of the Broker Defendants' violations of California's Real Estate Licensing Regulations Plaintiff has suffered actual and statutory damages in an amount to be proven at time of trial.  Pursuant to California Business Code section 10248.2(b), Plaintiff is entitled to receive from these Defendants at least two times the amount of broker's fees paid to each as a result of broker payments.

120.   The Broker Doe Defendants', and each of their, conduct was done with reckless disregard for the requirements of the law and for the safety, well-being, and legal rights of Plaintiff. Plaintiff therefore requests an award of punitive damages pursuant to California Civil Code section 3294 as against the Broker Doe Defendants.

121.   As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION

### FRAUD, FRAUDULENT CONCEALMENT AND NEGLIGENT MISREPRESENTATION

### [As to DEFENDANTS VAL CHRIS, G & R FINANCIAL SERVICES, CRAIG LANSER, JAMES LEESTMA AND CERTAIN DOES]

122.   Plaintiff incorporates by reference each preceding paragraph as if it were fully set

forth herein.

123.   Defendants made representations to Plaintiff in the proposed loan documents presented for signature on April 7, 2010 and representations made through their agents, including, but not limited to Greg Conte and James Leestma.

124.   Defendants made these representations for the purpose of enticing Plaintiff to make the loan described herein.  Plaintiff reasonably relied upon these representations.

125.   Defendants made the following material false representations either negligently or intentionally to Plaintiff:

a.   Defendants misrepresented the finance charges and annual percentage rate, as defined by applicable federal law, that Plaintiff was paying for the Second Mortgage Loan.

b.   Defendants misrepresented to Plaintiff that by making the loan transactions described above that he could in fact save his home from foreclosure and live in it long term.

126.   Defendants failed to make the following material disclosures, despite having a duty to do so, either negligently or intentionally:

a.   Defendants Craig Lanser and James Leestma failed to disclose to Plaintiff the annual percentage rate, as defined by applicable federal law, that Plaintiff was paying for the First Mortgage Loan.

b.   Defendants failed to disclose to Plaintiff that the loans they were making to Plaintiff were not in compliance with applicable state and federal law as described above.

c.   Defendants failed to disclose that Craig Lanser was forbidden by California law from receiving any fees in connection with the transaction since he was not a licensed mortgage broker.

d.   Defendants failed to disclose to Plaintiff that he did not have income necessary to qualify for the Second Mortgage Loan.

127.   Defendants never required financial documents from Plaintiff to substantiate

Plaintiff's income.    Instead Defendants inflated Plaintiff's income and assets.

128.    Defendants had no reason to believe Plaintiff would have the ability to perform according to the actual terms and conditions of the Second Mortgage Loan.

129.    By intentionally misrepresenting Plaintiff's income and assets, Defendants, and each of them, violated California Business and Professions Code §17200 et seq, and their implied "covenant of good faith and fair dealing" in the underwriting of the loan without regard to the borrower's ability to repay the loan, instead relying on the foreclosure value of the collateral to recover principal, interest, and fees.

130.    Further, by inflating Plaintiff's income and assets in order to get him into a loan he could not repay, Defendants insured that the Plaintiff would eventually default on the loan, and that Defendants would be able to receive not only excessive points and fees, but also payment significantly greater than the loan amount by receiving all equity in Plaintiff's home after illegally selling the home at a trustee's sale.

131.    Plaintiff was induced to and did execute the loan closing based on Defendants' misrepresentations and fraudulent concealments.

132.    Based upon the representations of Defendants, Plaintiff reposed his trust in the representations of Defendants.  Such trust was reasonable.

133.    Plaintiff alleges on information and belief that Defendants knew at the time they made these misrepresentations of material facts to Plaintiff that they were untrue.  Plaintiff alleges on information and belief that Defendants knew at the time they concealed the information described above that each item of information concealed was material to the transaction and that Plaintiff was not aware of the concealed information.

134.    Plaintiff alleges on information and belief that Defendants, through their fraudulent scheme, intentionally and fraudulently converted Plaintiff's right, title and interest to his property, and any equity therein.

135.    Plaintiff alleges that the loan was unconscionable in that the repayment terms were unfair and unduly oppressive, because the payments exceeded Plaintiff's income and as such, Defendants, and each of them, cannot enforce the terms and conditions of the loan against Plaintiff,

and any steps taken toward non-judicial foreclosure based thereon are void or voidable.

136. Plaintiff has been made to suffer deep and severe emotional distress, mortification, anxiety, and humiliation all to his damage and injury in an amount which has not yet been fully ascertained, but in no event less than the jurisdictional limitations of this court.

137. Defendants', and each of their, conduct as set forth above was intentional, oppressive, fraudulent, malicious, and/or in reckless disregard of Plaintiff's statutory rights, so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

138. As a direct and proximate result of the misrepresentations and concealments of Defendants, Plaintiff has been injured in an amount to be proven at trial and therefore Plaintiff is entitled to recover such damages from Defendants, and each of them, individually and severally.

139. As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTIES

### [As to ALL DEFENDANTS, INCLUDING CERTAIN DOE DEFENDANTS ]

140. Plaintiff incorporates by reference each preceding paragraphs as if it were fully set forth herein.

141. The duty of a real estate broker to his or her principal is fiduciary in nature. A broker's fiduciary duties include, but are not limited to, full and complete disclosure of any and all material facts, including facts related to the suitability of a sale or purchase of real estate, to represent and uphold the interest of the principal above and beyond the interest of the agent/broker, and to deal in good faith and fairly and honestly with the principal.

142. In or about March or April 2010, Defendant Val Chris Investments, Inc. became a fiduciary of Plaintiff when it endeavored to arrange to re-finance Plaintiff's residence. Accordingly, Defendant owed Plaintiff a duty to completely and fully disclose all material facts, to advise Plaintiff on the suitability of the transactions involved, and to put the Plaintiff's interest above and beyond their own interests.

143. In or about February 2010 and at all subsequent relevant times herein, Defendants G

& R Financial Services and Defendant Leestma were fiduciaries of Plaintiff when they endeavored to arrange to re-finance Plaintiff's residence after giving Plaintiff the First Mortgage Loan. Accordingly, these Defendants owed Plaintiff a duty to completely and fully disclose all material facts, to advise Plaintiff on the suitability of the transactions involved, and to put the Plaintiff's interests above and beyond their own interests.

144.    Plaintiff is informed and believes that at all relevant times,  Defendant Marion and certain DOES were co-adventurers, and/or co-conspirators with all other Defendants herein.

145.    At all relevant times, each Defendant knew, should have known, that the other Defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

146.    Any allegation about acts of any corporate or other business Defendant means that the corporation or other business entity did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority, employment or agency relationship.

147.    Defendants intentionally convinced Plaintiff to engage in a loan transaction that was ill-suited to Plaintiff given his income and expenses, and that would almost certainly result in Plaintiff losing his home. No documentation or due diligence regarding Plaintiff's ability to pay was ever undertaken by Defendants.

148.    Plaintiff told Defendant Leestma about his financial difficulties and doubtful income sources; however, Defendant Leestma, more interested in refinancing his company, Advance Inheritance, LLC, out of the First Mortgage Loan, told Plaintiff not to bother about filling in the income section of the loan application and instead leave that to him.   Defendant G & R Financial Services likewise told Plaintiff not to worry about his income and advised Plaintiff that he would get the loan based on the equity in the house not based on his income.  Defendant Val Chris Investments, Inc. likewise violated fiduciary duties by giving the loan without requiring any

confirmation of income.

149.   Defendants, and each of them, were legally obligated as fiduciaries, and had a responsibility for overseeing the purported loan consummation so as to insure that the consummation was legal, proper, and that Plaintiff received all legally required disclosures, before and after the loan closing.  However, Defendants, and each of them, failed to do so.

150.   Defendants, and each of them, breached the fiduciary duties that they owed Plaintiff as more fully set forth above.  The entire transaction was unsuitable for Plaintiff.  Defendants and each of them failed to account for Plaintiff's inability to pay before offering the re-financing.  Rather, Defendants conspired to go forward with the re-finance, despite knowing that the Plaintiff would be unable to pay the monthly payments.  The object of the conspiracy was for Defendants to generate broker's fees and commissions and give the Lender Defendants possession of Plaintiff's home.  Plaintiff alleges on information and belief that the Defendant Marion joined the conspiracy when he offered to finance the transaction without proof of ability to pay, knowing that he could foreclose on the property and obtain the equity over and above the balloon note and/or possession of the Plaintiff's residence. *Wyatt v. Union Mtge. Co.*, 24 Cal.3d 773, 782, 157 Cal.Rptr. 392, 397, 598 P.2d 45 (1979).

151.   Under the totality of the circumstances, the Defendants', and each of their, actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of Plaintiff, justifying an award of actual compensatory and exemplary punitive damages to serve as a deterrent not only as to future conduct of Defendants, but also to other persons or entities with similar inclinations.

152.   Defendants, and each of them, failed to exercise reasonable skill, care and due diligence with regard to advising Plaintiff about the suitability of the re-finance transaction.

153.   As a direct and proximate result of Defendants', and each of their, breach of fiduciary duties, Plaintiff has been injured and sustained damages in an amount to be proven at the time of trial.

154.   As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD (Cal. Civ. Code §1573)

### [As to ALL DEFENDANTS EXCEPT RESS]

155.    Plaintiff incorporates by reference each preceding paragraphs as if it were fully set forth herein.

156.    California Civil Code section 1573 provides:  "Constructive fraud consists:  1. In any breach of duty which, without an actually fraudulent intent, gains and advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or 2. In any such act or omission as the law specifically declares to be fraudulent, without respect to actual fraud."

157.    Pursuant to the above-described breaches of fiduciary duty, Defendants, and each of them, regardless of fraudulent intent, gained an advantage over Plaintiff in that Defendants collected substantial commissions from the re-financing of the Subject Residence, received cash from the transaction and obtained a security interest in said property.

158.    As a direct and proximate result of Defendants', and each of their, breaches of fiduciary duties, Plaintiff has been injured and sustained damages in an amount to be proven at the time of trial.

159.    Defendants', and each of their, conduct was done with reckless disregard for the requirements of the law and for the safety, well-being, and legal rights of Plaintiff.  Plaintiff therefore requests an award of punitive damages pursuant to California Civil Code section 3294 as against all Defendants.

160.    As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

## NEGLIGENCE

### [As to ALL DEFENDANTS EXCEPT RESS]

161.    Plaintiff incorporates by reference each preceding paragraphs as if it were fully set forth herein.

162.    Defendants, and each of them, failed to exercise reasonable skill, care and due diligence with regard to advising Plaintiff about the suitability of the re-finance transaction.

163.    As a direct and proximate result of Defendants', and each of their, negligent breaches of fiduciary duties, Plaintiff has been injured and sustained damages in an amount to be proven at the time of trial.

164.    As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

### TENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FAIR DEBT COLLECTION PRACTICES ACT "THE ROSENTHAL ACT"

### [As to DEFENDANT VAL CHRIS]

165.    Plaintiff incorporates by reference each preceding paragraphs as if it were fully set forth herein.

166.    Defendant Val Chris is a debt collector pursuant to the Rosenthal Act.

167.    Not only does the Rosenthal Act proscribe certain debt collection activities, but at Civil Code section 1788.17 it incorporates certain proscriptions set forth in the federal Fair Debt Collection Practices Act, at 15 U.S.C. §§ 1692, *et seq.*

168.    Defendant Val Chris violated the Rosenthal Act when it continued the foreclosure process on the Subject Residence.  Defendant Val Chris' attempt to foreclose on the property following the Plaintiff's notice of rescission of the loan transaction violates the Rosenthal Act in that the Defendant is attempting to collect a debt that is not legally due.  As a matter of law, the loan transaction is void and the security interest in the property is extinguished.

169.    The Notice of Sale was served on January 31, 2011.   These Defendants intend to foreclose on the subject residence on February 22, 2011.

170.    As a direct and proximate result of the these violations of the Rosenthal Act by Defendant Val Chris, Plaintiff has suffered actual and statutory damages in an amount to be proven at time of trial.  Statutory damages are at least $1000.00.

171.    As a result of the foregoing, Plaintiff is entitled to costs of suit and attorney's fees,

plus other incidental and consequential damages in an amount to be proven at trial.

## ELEVENTH CAUSE OF ACTION

### VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

#### [As to DEFENDANT VAL CHRIS]

172.    Plaintiff incorporates by reference each preceding paragraph as if it were fully set forth herein.

173.    Plaintiff is a "consumer" who allegedly owed a "debt", and Defendant Val Chris is a "debt collector", as those terms are defined at 15 U.S.C. §1692a.

174.    Defendant Val Chris' violations of the FDCPA, include, attempting to collect a debt that is not legally due in that despite giving notice of rescission of the loan Defendant has continued the foreclosure process against Plaintiff.

175.    Plaintiff is entitled to any actual damages sustained as a result of Defendant Val Chris' conduct, in an amount according to proof, to statutory damages of $1,000.00, costs of the action, and reasonable attorney's fees, all pursuant to 15 U.S.C.  §1692k.

176.    Defendant Val Chris has failed to comply with FDCPA and Plaintiff is informed and believes and based thereon alleges that Defendant has violated the FDCPA intentionally.  The nature of Defendant's violations justifies the maximum statutory damages award available.

## TWELFTH CAUSE OF ACTION

### FRAUDULENT, DECEPTIVE AND UNLAWFUL BUSINESS PRACTICES

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 Et Seq.

#### [As to ALL DEFENDANTS EXCEPT RESS]

177.    Plaintiff incorporates by reference each preceding paragraph as if it were fully set forth herein.

178.    As a direct result of Defendants' acts, Plaintiff has incurred actual damages and injury in fact consisting of lost money and property.

179.    Plaintiff incurred out of pocket monetary damages, and will continue to incur monetary damages.

180.    Plaintiff will incur the loss of his personal residence if the illegal non-judicial

1    foreclosure process initiated by Defendants is not stopped.

2       181.    Each of Defendants' harassing acts were so willful, vexatious, outrageous,

3    oppressive, and maliciously calculated, that they warrant statutory penalties and punitive damages.

4       182.    Defendants violated § 17200, et seq., by engaging in deceptive and or unfair

5    practices, including, but not limited to, the following:

6               a.    failing to make all legally required disclosures, including but not limited to

7               Plaintiff not receiving the required disclosure of the right to rescind the Second

8               Mortgage Loan.

9               b.    fraudulently overstating the herein Plaintiff's income and assets;

10              c.    failing to properly and competently underwrite Plaintiff's loan; and

11              d.    concealing from Plaintiff, Defendants' intent to give Plaintiff an unlawful

12              loan.

13      183.    Defendants engaged in unlawful business practices as recounted above.  Among the

14   unlawful business practices is allowing Defendant Craig Lanser to act as a broker and earn a

15   commission in the real estate transactions described above without a license from the Department of

16   Real Estate.  Under California Business and Professions Code section 10130 it is unlawful for a

17   person to engage in activities requiring a real estate license without having such a license.

18      184.    Specifically, California Business and Professions Code section 10131 states, "A real

19   estate broker within the meaning of this part is a person who, for a compensation or in expectation

20   of a compensation, regardless of the form or time of payment, does or negotiates to do one or more

21   of the following acts for another or others: . . . (d) Solicits borrowers or lenders for or negotiates

22   loans or collects payments or performs services for borrowers or lenders or note owners in

23   connection with loans secured directly or collaterally by liens on real property or on a business

24   opportunity."

25      185.    Defendant Craig Lanser violated this section and all Defendants engaged in an

26   unlawful business practice by entering into the real estate transactions described herein with the

27   involvement of such unlicensed person.

28      186.    Each of the Defendants is individually and severally liable to Plaintiff for the

following, which Plaintiff demands as relief:

      a.    voiding the mortgage loan transactions;

      b.    terminating the mortgage and security interest in the property;

      c.    returning any and all money paid by Plaintiff including all payments made in connection with the transactions; and

      d.    actual damages in an amount to be determined at trial.

187.   As a proximate result of Defendants deceptive, unfair, and unlawful business practices, Plaintiff has incurred monetary damages, including but not limited to attorneys' fees and costs, necessitated by bringing this lawsuit, in an amount to be proven at trial.

188.   By virtue of defendants' unfair, deceptive and unlawful business practices, Plaintiff is entitled to recover punitive damages in an amount to deter such wrongful conduct in the future. Plaintiff is also entitled to costs of suit.

**THIRTEENTH CAUSE OF ACTION**

**RESCISSION OF CONTRACT**

**(Cal. Civ. Code §§1667,1689)**

**[As to ALL DEFENDANTS]**

189.   Plaintiff incorporates by reference each preceding paragraph as if it were fully set forth herein.

190.   The herein described First Mortgage Loan is an unlawful contract pursuant to California Civil Code section 1667 in that it was made in violation of various California state laws as enumerated herein, including but not limited to laws prohibiting unlicensed broker's from receiving broker's fees in connection with a mortgage transaction.

191.   The herein described Second Mortgage Loan is an unlawful contract pursuant to California Civil Code Section 1667 in that it was made in violation of various California state laws as enumerated herein, including, but not limited to the following:  Violations of the California Predatory Lending Act.

192.   The state law violations enumerated herein were not apparent in the terms and conditions of the loans made by Defendants to Plaintiff described herein at the time Plaintiff signed

the documents.

193.    Plaintiff is not at fault for the unlawful nature of the loan made by Defendants to Plaintiff described herein.  Plaintiff has tendered an offer to repay equivalent value for the loan proceeds and Defendants have refused the offer.

194.    Furthermore, the loans made to Plaintiff were unconscionable in that they resulted in the payment of excessive fees to various Defendants and a claim to the right of foreclosure to Defendant Marion.  All of this was earned by the Defendants even though the loans were unsuitable to Plaintiff's financial situation and would result in his ultimate loss of his home.

195.    Furthermore, as discussed above, Plaintiff was induced to take the loans made to him based on intentional or negligent fraudulent misrepresentations or intentional fraudulent concealments.

196.    Accordingly, as a result of the foregoing, Plaintiff is entitled to rescission of the First Mortgage Loan and the Second Mortgage Loan entered into by the parties in this lawsuit, and cancellation of the deed of trust of the loan described in this case, and the notice of default and notice of sale recorded by the Defendants against the Subject Residence at the office of the County recorder.

197.    As a result of the foregoing, Plaintiff is also entitled to costs of suit and attorney's fees, plus other incidental and consequential damages in an amount to be proven at trial.

## FOURTEENTH CAUSE OF ACTION

## DECLARATORY RELIEF

### [As to DEFENDANTS VAL CHRIS, MARION AND RESS]

198.    Plaintiff incorporates by reference each preceding paragraph as if it were fully set forth herein.

199.    Plaintiff is now the title owner of the Subject Residence pursuant to court order recorded on October 5, 2010.  The legal description of that property is attached hereto as part of Exhibit 1.  The assessor's parcel number is 544-230-30-00.  A deed of trust for the benefit of Defendant Val Chris assigned to Defendant Marion with Defendant Val Chris as Trustee was recorded on April 26, 2010 against the property.

200.    On October 7, 2010, the Defendants caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust.  Attached hereto as Exhibit 13 and incorporated herein by reference is a true and correct copy of the Notice of Default.

201.    On December 3, 2010, Plaintiff gave notice of rescission by sending notice to Defendants.  Despite this Defendants proceeded with recording a Notice of Trustee's Sale Under Deed of Trust on or about January 31, 2011.  A true and correct copy of the notice of sale is attached hereto as Exhibit 14.

202.    In light of the unlawful conduct committed by Defendants and the unlawful status of the loan transaction described herein, Plaintiff seeks an order of the Court declaring the deed of trust and subsequently filed notices of default and sale void and a declaration that Defendants Val Chris and Marion currently hold no interest in the subject residence.

## FIFHTEENTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

### [As to DEFENDANTS VAL CHRIS, MARION AND RESS]

203.    Plaintiff incorporates by reference each preceding paragraph as if it were fully set forth below.

204.    Defendants Val Chris and Marion are responsible for redressing Plaintiff's claims as set forth herein, or claim to have an interest in plaintiff's residential real property.

205.    Defendant Val Chris, as the purported agent for Defendant Marion claiming an interest in the note have, without privilege, recorded a notice of default and a notice of trustee's sale that are based on a void deed of trust.

206.    Neither Defendant Val Chris or Marion, jointly or severally, nor anyone acting on their behalf, has or had a right to foreclose on the Subject Residence, because the transaction under which such parties claim any right or interest in the property was illegal under the federal and state laws enumerated above, was entered into by Plaintiff based in reliance on the misrepresentations of the Defendants, and each of them, and the documents evidencing the loan are and were therefore voidable and ought to be voided.

207.    Plaintiff is threatened with immediate, irreparable harm if either Defendant Val Chris

or Marion is permitted to continue to lay claim to Plaintiff's property and commence any action to deprive Plaintiff of title or possession of the property.  If Defendants are not stopped from commencing any action to further their unlawful claims to an interest in the property, Plaintiff could and would thereby lose his home, a loss Plaintiff should not be permitted to suffer.

208.   Even if any of the named defendants can, at some point, prove the note and deed of trust should not be voided, any injuries they might suffer by the court granting a temporary restraining order and preliminary injunction against them would be substantially less harmful than those which Plaintiff would suffer by the loss of his home.

209.   Accordingly, Plaintiff is entitled to a temporary restraining order and preliminary injunction and permanent injunction against Defendants Val Chris, Marion and Ress in this case prohibiting them from taking any further action to transfer the property.

210.   By the actions above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this court grant a preliminary injunction and temporary restraining order and injunctive relief under CCP §527 and Cal. Rules of Court §3.1150, first as to the sale of the property, and secondly a permanent injunction precluding Defendants from selling the property or engaging in the wrongful conduct identified herein in the future.

211.   Because the note and deed of trust are void, Defendants do not have standing or any enforceable right to enforce the note and any incidental right to collateral so as to foreclose on Plaintiff's home, including without limitation, conducting a trustee's sale relative to that property.

212.   Defendants threaten to, and unless restrained, will resell Plaintiff's home after such foreclosure.

213.   Any such action would result in a new cause of action for conversion or wrongful sale and cause irreparable harm to Plaintiff, and will cause financial damages which will not afford adequate relief because Plaintiff's ownership interest in the home is unique.

214.   Injunctive relief is necessary to enjoin Defendants from further transferring any interest in Plaintiff's home since they lack standing and any enforceable rights under the promissory note.

WHEREFORE, Plaintiff, having set forth numerous legally sufficient causes of actions against the Defendants, jointly and severally, prays for the entry of judgment against all defendants in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial, and as follows:

FIRST CAUSE OF ACTION

(VIOLATION OF AND RESCISSION UNDER THE TRUTH IN LENDING ACT)

1.  Rescission of the First Mortgage Loan including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendant Advance Inheritance LLC;

2.  The Return of any money or property given by Plaintiff to anyone, including the Defendants, in connection with the First Mortgage Loan;

3.  Actual damages, including economic and non-economic damages;

4.  Statutory damages and/or penalties consisting of an Order that Defendants pay $4000.00 to Plaintiff for each and every violation of TILA;

5.  Additional damages pursuant to 15 U.S.C. §1640(a)(4) in the amount of all finance charges and fees, equal to at least $11,517.91, paid by Plaintiff, for each HOEPA violation;

6.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. §1640(a)(2)(A)(3);

7.  Pre- and post-judgment interest, as to each and every Defendant jointly and severally; and

8.  Any and all other relief that the Court may deem proper and just.

SECOND CAUSE OF ACTION

(BREACH OF CONTRACT)

4.  Consequential damages in an amount to be proven at trial;

5.  Restitution of $4517.91 that was paid to Defendant Craig Lanser;

6.  Reasonable attorneys fees and costs of suit as permitted by law; and

7.  Pre- and post-judgment interest, as permitted by law.  Any and all other relief that the Court may deem proper and just.

///

///

35
Verified Complaint

THIRD CAUSE OF ACTION

(VIOLATION OF THE TRUTH IN LENDING ACT – 15 U.S.C. §§ 1601 *et sec.*)

8.     Rescission of the Second Mortgage Loan including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendants Val Chris or Marion;

9.     A declaration that the security interest in Plaintiff's property created under the transaction is void, and an order compelling Defendants to transfer or release such security interest;

4.     The Return of any money or property given by Plaintiff to anyone, including the Defendants, in connection with the Second Mortgage Loan;

5.     Actual damages, including economic and non-economic damages;

6.     Statutory damages and/or penalties consisting of an Order that Defendants pay $4000.00 to Plaintiff for each and every violation of TILA;

7.     Additional damages pursuant to 15 U.S.C. §1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff, for each HOEPA violation;

8.     An Order that, because Defendants failed to act in response to Plaintiff's notice declaring the transaction void, Plaintiff has no duty to tender the loan proceeds to Defendants, or in the alternative if tender is required, a determination of the amount of the tender that is required, a determination of the amount of the tender obligation in light of all of Plaintiff's claims, and an Order to require the Defendants to accept tender on reasonable terms and over a reasonable period of time;

9.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. §1640(a)(2)(A)(3);

10.    Pre- and post-judgment interest, as to each and every Defendant jointly and severally;

11.    For an order deeming the notices of default and trustee sale void;

12.    For a temporary restraining order on any further transfers of interest in the subject property; and

13.    Any and all other relief that the Court may deem proper and just.

FOURTH CAUSE OF ACTION

(Violation of California Predatory Lending Act)

1.     The Return of any money or property given by Plaintiff to anyone, including the Defendants, in connection with the transaction;

2.     Actual damages, including economic and non-economic damages;

3.     Statutory damages and/or penalties consisting of an Order that each and every Defendant pay $15,000 to Plaintiff for each and every violation of the California Predatory Lending Act (Cal. Fin. Code §4978(a)), including at least eight violations for a total of at least $105,000;

4.     Reasonable attorneys fees and costs;

5.     Pre- and post-judgment interest, as to each and every Defendant jointly and severally; and

6.     Any and all other relief that the Court may deem proper and just.

### FIFTH CAUSE OF ACTION

### (Violation of California's Real Estate Licensing Regulations)

1.     For general damages according to proof that are at least equal to $47,200;

2.     For special damages according to proof;

3.     For punitive and exemplary damages according to proof;

4.     For attorney's fees and costs of suit;

5.     For an order compelling Defendants, and each of them, to disgorge all amounts wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from the date the funds were first received from Plaintiff; and

6.     Any and all other relief the Court may deem proper and just.

### SIXTH CAUSE OF ACTION

### (Fraud, Fraudulent Concealment and Negligent Misrepresentation)

1.     For an order deeming the note and deed of trust void;

2.     For special damages according to proof;

3.     For general damages according to proof;

4.     For attorneys' fees and costs of suit;

5.     For punitive and exemplary damages according to proof;

6.     For an order compelling Defendants to disgorge all amounts wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from the date the funds were first received from Plaintiff; and

1    7.    Any and all other relief the Court may deem proper and just.

2                    **SEVENTH CAUSE OF ACTION**

3                      **(Breach of Fiduciary Duties)**

4    1.    For general damages according to proof;

5    2.    For special damages according to proof;

6    3.    For punitive and exemplary damages according to proof;

7    4.    For attorney's fees and costs of suit;

8    5.    For an order compelling Defendants and each of them to disgorge all amounts

9    wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at

10   the statutory rate from the date the funds were first received from Plaintiff; and

11   8.    Any and all other relief the Court may deem proper and just.

12                    EIGHTH CAUSE OF ACTION

13                      (Constructive Fraud)

14   1.    For general damages according to proof;

15   2.    For special damages according to proof;

16   3.    For punitive and exemplary damages according to proof;

17   4.    For attorney's fees and costs of suit;

18   5.    For an order compelling Defendants to disgorge all amounts wrongfully taken by

19   them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from

20   the date the funds were first received from Plaintiff; and

21   9.    Any and all other relief the Court may deem proper and just.

22                    NINTH CAUSE OF ACTION

23                      (Negligence)

24   1.    For general damages according to proof;

25   2.    For special damages according to proof;

26   4.    For attorney's fees and costs of suit; and

27   5.    Any and all other relief the Court may deem proper and just.

28   ///

TENTH CAUSE OF ACTION

(Violation of the "Rosenthal Act")

1.     For actual damages for Plaintiff, including damages for the emotional distress suffered as a result of the intentional and negligent FDCPA violations in an amount to be determined at trial;

2.     An award of statutory damages of $1,000.00 pursuant to California Civil Code section 1788.30(b) against Defendant Val Chris for the Plaintiff;

3.     An award of costs of litigation and reasonable attorney's fees pursuant to California Civil Code section 1788.30(c), against Defendant Val Chris for the Plaintiff; and

5.     Any and all other relief the court may deem proper and just.

ELEVENTH CAUSE OF ACTION

(Violation of the Federal Fair Debt Collections Practices Act)

1.     For actual damages from Defendant Val Chris, including damages for the emotional distress suffered as a result of the intentional and negligent FDCPA violations in an amount to be determined at trial;

2.     An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) against Defendant Val Chris;

3.     An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. sec. 1692k(a), against Defendant Val Chris; and

4.     Any and all other relief the court may deem proper and just.

TWELFTH CAUSE OF ACTION

(Fraudulent, Deceptive and Unlawful Business Practices)

1.     For an order deeming the note and deed of trust void;

2.     For special damages according to proof;

3.     For general damages according to proof;

4.     For attorneys' fees and costs of suit;

5.     For punitive and exemplary damages according to proof;

6.     For an order compelling Defendants, and each of them, to disgorge all amounts

39<br>Verified Complaint

1 | wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at

2 | the statutory rate from the date the funds were first received from Plaintiff; and

3 |        7.     Any and all other relief the court may deem proper and just.

4 | THIRTEENTH CAUSE OF ACTION

5 | (RESCISION OF CONTRACT)

6 |        1.     For rescission of the First Mortgage Loan by and between Plaintiff and Advance

7 | Inheritance, LLC;

8 |        2.     For rescission of the Second Mortgage Loan by and between Plaintiff and Defendants

9 | Val Chris and Marion;

10 |        3.     For incidental and consequential damages in an amount to be proven at trial;

11 |        4.     For costs of suit herein incurred;

12 |        5.     For reasonable attorneys fees; and

13 |        6.     For such other and further relief as this court may deem just and proper.

14 | FOURTEENTH CAUSE OF ACTION

15 | (Declaratory Relief)

16 |        1.     A declaration of the rights and duties of the parties, including a declaration that a

17 | breach of the obligation for which the deed of trust is security has not occurred, is excused, or is

18 | void;

19 |        2.     For an order setting aside the notice of default and notice of sale and declaring that

20 | they are null and void and of no force and effect;

21 |        3.     For an order finding that Defendants Val Chris and Marion have no legally

22 | cognizable rights as to Plaintiff, the subject residence or any other matter based on contract or any of

23 | the documents prepared by Defendants, tendered to and executed by Plaintiff;

24 |        4.     For an order finding that Defendants have no legally cognizable rights as to Plaintiff,

25 | the property or any other matter based on contract or any of the documents prepared by defendants,

26 | tendered to and executed by Plaintiff.

27 |        5.     For an order compelling Defendants to disgorge all amounts wrongfully taken by

28 | them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from

6. For statutory damages, including any relevant attorneys fees. The court issue an order restraining Defendants Val Chris, Marion and Ress, their agents or employees from continuing or initiating any action against the Subject Residence and enjoining defendants, their agents or employees from so doing while this matter is pending;

7. For costs of suit; and

8. For such other and further relief as this court may deem just and proper.

FIFTHTEENTH CAUSE OF ACTION

(INJUCTIVE RELIEF)

1. For an order enjoining Defendants, and each of them, from taking any further action to sell or transfer with regard to the Subject Residence;

2. For an order compelling Defendants, and each of them, to disgorge all amounts wrongfully taken by them from Plaintiff and returning the same to Plaintiff with interest thereon at the statutory rate from the date the funds were first received from Plaintiff;

3. For an order requiring Defendants to extinguish their security interest in the Subject Residence and re-convey title to Plaintiff, and for a restraining order preventing Defendants and their representatives from (i) conducting a foreclosure sale, (ii) offering, or advertising this property for sale and (iii) attempting to transfer title to this property and or (iv) holding any auction therefore;

4. For costs of suit; and

5. For such other and further relief as this court may deem just and proper..

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all matters so triable as a matter of right.

Date: February 3, 2011        Respectfully Submitted by:

Rooney & Lickel, Attorneys at Law

By: _____

Daniel Lickel, Attorney for Plaintiff
JONATHAN REED

41
Verified Complaint

VERIFICATION

I know the contents of the foregoing complaint of my own personal knowledge and I also believe them to be true and correct.  I declare under the penalty of perjury under the laws of the State of California that all of the foregoing factual statements are true and correct.  Executed February 3, 2011, at San Diego, California.

JONATHAN REED, Plaintiff