UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN EDWARD REED,<br><br>               Plaintiff,<br><br>     vs.<br><br>VAL-CHRIS INVESTMENTS, INC., et al.,<br><br>               Defendants. | CASE NO. 11cv371 BEN (WMC)<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING TO STATE COURT**<br><br>[Dkt. No. 9] |

   Defendants removed this action from state court based on Federal Question jurisdiction. (Dkt. No. 1.)  Defendants Val-Chris Investments, Inc. ("Val-Chris"), Advance Inheritance, LLC ("AI"), Marion Lawrence, and James Leestma filed a motion to dismiss Plaintiff Jonathan Edward Reed's Complaint.[1] (Dkt. No. 9.)  Having considered the parties' briefing on the motion, the Court **GRANTS** the motion to dismiss as to Plaintiff's federal claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and **REMANDS** the case to state court.

///

///

---

[1] Defendants Greg Conte and Rene Conte, dba G & R Financial Services, also filed a separate motion to dismiss, (Dkt. No. 26.), but this motion only relates to state law claims that the Court does not reach.

**BACKGROUND**[2]

Plaintiff asserts violations of federal law resulting from two transactions he entered into with Defendants. The first transaction was an advance on Plaintiff's inheritance. (Compl. ¶ 63.) Under the terms of the transaction, Plaintiff assigned a portion of his interest in his father's Estate to AI in exchange for $35,000. (Compl. ¶ 56; Compl., Ex. 5, ¶ 1.) AI would receive $42,000 if the Estate was distributed before July 30, 2010 and $50,000 if the Estate was distributed after July 30, 2010. (Compl., Ex. 5 ¶ 1.) Under the terms of the assignment, AI could not recover any unpaid portion of the assigned amount from Plaintiff. (Compl., Ex. 5.) The assignment was signed by Plaintiff on February 17, 2010 and signed by Leestma as President of AI on February 23, 2010. (*Id.*) The assignment was filed with the probate court on February 25, 2010. (*Id.*)

The second transaction was between Plaintiff's father's Estate and Val-Chris. "The Estate of Ronald P. Reed" was identified as the "Borrower" and Plaintiff signed as "Jonathan Edward Reed, Administrator." (Compl., Ex. 10.) The note was signed on April 7, 2010 for $85,000 and secured by the Estate's property at 6432 Radio Drive, San Diego, California, 92114. The note was later transferred from Val-Chris to Marion. (Compl., Ex. 12.)

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is meritorious if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will uncover evidence of the matter. *Id.* at 556.

In ruling on a motion to dismiss, the Court is generally limited to the allegations of the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). However, the Court may consider documents attached to the complaint, documents upon which the complaint relies, and documents properly the subject of judicial notice. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (documents attached to the complaint); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (documents upon which the complaint relies);

---

[2]The Court only outlines the background necessary to consider Plaintiff's federal claims.

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (1986) (judicial notice).

Particularly relevant to Plaintiff's Complaint, the Court is not required "to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Twombly*, 550 U.S. at 555). Nor does the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks and citations omitted).

Plaintiff asserts fifteen claims for relief. Three of these claims arise under federal law: (1) first claim for relief for violation of and rescission under the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, against AI; (2) third claim for relief for violation of TILA against Val-Chris and Marion; and (3) eleventh claim for relief for violation of the Federal Fair Debt Collection Practices Act ("FDCPA") against Val-Chris.

Because the Court finds these federal claims must be dismissed and declines to exercise supplemental jurisdiction over the remaining state law claims, the Court does not reach the merits of Plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866 (2009) (noting that the district court may decline to exercise supplemental jurisdiction over state law claims if the "district court has dismissed all claims over which it has original jurisdiction").

**I.     TILA Claims**

In moving to dismiss Plaintiff's first and third claims for relief under TILA, Defendants argue that the two transactions at issue are not subject to the requirements of TILA, including its requirements with regard to rescission. The Court agrees.

As to the first transaction between Plaintiff and AI, Plaintiff asks the Court to characterize a non-recourse advance on his inheritance as a consumer loan subject to the requirements of TILA. As evident by both parties' lack of citation to authority on this issue, the Court acknowledges the absence of case law addressing whether such a transaction is subject to TILA. However, the Court finds that the transaction between Plaintiff and AI was not a loan because Plaintiff had no obligation to pay AI anything if the Estate did not satisfy the amount Plaintiff assigned to AI.

///

In exchange for $35,000 in cash, Plaintiff assigned a portion — $50,000 if distributed after July 30, 2010 or $42,000 if distributed before July 30, 2010 — of his interest in the Estate to AI. The assignment, filed with the state probate court, specifically provided that if Plaintiff's interest in the Estate was insufficient to satisfy the assigned amount, AI could not and would not seek to recover the unpaid portion from Plaintiff.

Plaintiff "did not incur any debt or potential debt as a result of the transaction and it was not a loan or credit transaction governed by TILA, but " an assignment of Plaintiff's interest in his father's Estate governed by the California Probate Code. *Capella v. J.G. Wentworth, LLC*, No. CV09-882, 2009 WL 3128003, at *10 (E.D. N.Y. Sept. 24, 2009) (distinguishing pay-day loans from structured settlements). In *Capella,* the plaintiff was seeking the protections of TILA for a transaction in which he, as the beneficiary of a structured settlement, received a lump-sum payment smaller than the overall amount that would be received over time. *Id.* at *1. In exchange, the defendant received the right to collect the larger sum over time through the structured settlement payments. *Id.* Like the plaintiff in *Capella*, Plaintiff assigned a larger portion of his interest in an inheritance to AI in exchange for a smaller cash payment now. TILA governs credit transactions, defined as "the right granted by a creditor to a debtor to defer payment of a debt or to incur a debt and defer its payment." 15 U.S.C. § 1602(e). Plaintiff incurred no debt and AI had no recourse against Plaintiff if his potential inheritance was not sufficient to cover his assignment. Accordingly, Plaintiff's TILA claim against AI cannot succeed because it was not a credit transaction subject to TILA's requirements.

Plaintiff's TILA claim against Val-Chris and Marion, based on the second transaction, is also precluded because TILA does not apply to transactions involving extensions of credit to organizations, including estates. TILA "does not apply to . . . credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, . . . or *to organizations*. 15 U.S.C. § 1603(1) (emphasis added). An organization, to which TILA does not apply, is defined as "a corporation, government or governmental subdivision or agency, trust, *estate*, partnership, cooperative, or association." § 1602(c) (emphasis added).

///

///

The extension of credit by Val-Chris, later assigned to Marion, was an extension of credit to the Estate of Ronald P. Reed. Plaintiff signed the note on behalf of the Estate. The note extends credit to "The Estate of Ronald P. Reed," a designation that appears just above Plaintiff's signature. In addition, the Borrow is designated as "Jonathan Edward Reed, Administrator." The Court cannot construe the transaction as a consumer loan to Plaintiff because he was a beneficiary of the Estate, as Plaintiff argues, when Val-Chris specifically extended credit to the Estate and TILA specifically states that it does not apply to extensions of credit to estates. *See* §§ 1602(c), 1603(c). Accordingly, Plaintiff's TILA claim against Val-Chris and Marion also cannot succeed.

Because neither transaction is subject to TILA, Plaintiff's first and third claims for relief must be dismissed.

## II.   Federal Fair Debt Collection Practices Act

Plaintiff's eleventh claim for relief under the FDCPA, 15 U.S.C. § 1692, is premised on Val-Chris' collection attempts after Plaintiff gave notice of rescission of the loan pursuant to TILA. However, as previously discussed, the transaction involving Val-Chris is not subject to the requirements of TILA, including its rescission rights. Accordingly, Val-Chris' collection attempts were not precluded by Plaintiff's notice of rescission under TILA. Plaintiff's claim for violation of the FDCPA must also be dismissed.

## III.   Supplemental Jurisdiction

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech*, 129 S. Ct. at 1866 (citations omitted).

Section § 1367(c) provides:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of state law,

>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

According to § 1367(c)(3), when all of the federal claims are dismissed before trial, a federal court ordinarily should decline to exercise jurisdiction over supplemental state claims. *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Ninth Circuit has consistently ruled that when federal claims are dismissed, it is within the court's discretion to dismiss the state law claims, and that in the usual case the state claims should be dismissed. *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213-14 (9th Cir.1991). Because the federal claims are being dismissed well before trial, the Court declines to exercise supplemental jurisdiction over the remaining state claims pursuant to § 1367(c)(3). *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (no explanation required when declining jurisdiction under § 1367(c)(3)).

Additionally, even where federal claims are present, if state law claims predominate, a federal court may decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2). *United Mine Workers*, 383 U.S. at 726-27 ("[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."). In this case, even if the federal claims remained, the twelve state law claims would predominate both in substance and in number. The federal claims require a straightforward analysis of two transactions. The twelve state law claims, on the other hand, cover additional events and parties ranging in subject from compliance with state licensing regulations for brokers to unfair business practices. Additionally, the state law claims are more complex and would require more judicial resources to adjudicate than the federal claims. Because the state law claims predominate over the federal claims, the Court also declines to exercise supplemental jurisdiction over the state law claims pursuant to § 1367(c)(2).

///

Once federal claims have been dismissed, district courts have discretion to hear, dismiss, or remand the remaining claims to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Having declined to exercise supplemental jurisdiction over the state law claims, the Court need only determine whether the state law claims should be dismissed or remanded to the state court. When determining whether to remand, the court should consider "the values of judicial economy, convenience, fairness, and comity," and remand is generally preferable to dismissal because "[b]oth litigants and States have an interest in the prompt and efficient resolution of controversies based on state law." *Id.* at 353. State courts are experts at interpreting and applying state law, and are therefore a better venue for the remaining claims. Therefore, this Court exercises its discretion and **REMANDS** the case to state court.

## CONCLUSION

Plaintiff's first, third, and eleventh claims are **DISMISSED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** the case to state court.

**IT IS SO ORDERED.**

DATED: December 5, 2011

Hon. Roger T. Benitez
United States District Judge