Daniel Lickel (SBN 224510)
1102 Cesar Chavez Parkway
San Diego, CA 92113
Phone: (858) 952-1033
Fax: (619) 546-0792

Attorney for Plaintiff JONATHAN REED

UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan Edward Reed,<br><br>Plaintiff,<br><br>vs.<br><br>Val-Chris Investments, Inc., a California Corporation; Rene Conte, an individual, doing business as G&R Financial Services; Greg Conte, an individual doing business as G&R Financial Services; Advance Inheritance, LLC, a Delaware limited liability company; Marion Lawrence, an individual; James Leestma, an individual; Craig Lanser, an individual; Ress Financial Corporation, a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | FEDERAL CASE NO.<br>3:11-CV-0371 BEN WMC<br><br>CAL SUPERIOR COURT CASE NO.<br>37-2011-00085199-CU-OR-CTL<br><br>OPPOSITION TO DEFENDANTS' VALCRIS INVESTMENTS, INC. MOTION FOR THE RECOVERY OF PREVAILING PARTY ATTORNEYS' FEES<br><br>Date: January 6, 2012<br>Hearing time: 10:00 a.m.<br><br>JUDGE: ROGER T. BENITEZ<br>MAGISTRATE JUDGE: WILLIAM McCURINE |

TO DEFENDANTS VAL CHRIS INVESTMETNS, INC., ADVANCE INHERITANCE, LLC, MARION LAWRENCE AND JAMES LEESTMA AND THEIR ATTORNEYS OF RECORD: PLAINTIFF JONATHAN REED HEREBY STATES THE FOLLOWING OPPOSITION TO DEFENDANTS APPLICATION FOR PREVAILING PARTY ATTORNEYS FEES:

///

///

///

///

## I.  Summary of Argument

Defendants are not entitled to attorneys fees or costs because no determination has been made regarding who is the prevailing party and none can be made until a final determination of the causes of action pending in this case is made in the State Court to which this action has been remanded. Defendants base their motion on Rule 54(d)(2) for the removal filing fee, and California Civil Code section 1717 for attorneys' fees, neither of which warrants an award of attorneys fees or costs at this time. Defendants claim that they are the prevailing parties for purposes of applying these laws because the Federal Court dismissed three federal claims from Plaintiff's complaint and remanded the case to state court for a determination of the remaining twelve causes of action. Defendants are not the prevailing party because the action continues in state court. Federal Courts have determined that the termination of a case in Federal Court does not mean that the parties succeeding in doing so are entitled to an award of attorney's fees under Cal. Civ. Code section 1717. Furthermore, this Federal Court has not made a certification pursuant to rule 54(b). Finally, Defendants application should be denied as excessive, unreasonable and unjustified in that there is no legal basis for an attorneys fees award as to Advance Inheritance, LLC and Defendants fail to provide any evidence that Val Chris Investments is entitled to an award of attorneys fees.

## II.  Attorneys fees are Not Currently Available Under Civil Code Section 1717

The Court can chose to refuse to enforce a contractual attorney fees provision where an award of fees would be "inequitable and unreasonable". *Anderson v. Melwani* (9th Cir. 1999) 179 F.3d 763, 766. State law governs the construction of a contract for recovery of attorneys fees. *Matter of Sheridan*, (7th Cir. 1997) 105 F.3d 1164, 1167. Moreover, "state law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.* (5th Cir. 2002) 302 F.3d 448, 461.

Defendants claim attorneys fees under Civil Code section 1717(a). That section reads in part:

> "1717. (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is

determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

This provision requires a comparison be performed determining the extent to which each of the parties may have succeeded in their contentions. This comparison cannot occur until after the state court claims, which are based on the same facts alleged to support the federal claims, are determined by the State Court. Only after such a determination may the state court finally decide upon how much attorneys fees are owed, if any.

Furthermore, California law provides, "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the [attorneys' fees] award or deny one altogether." *Ketchum III v. Moses,* 24 Cal. 4th 1122, 1137 (2001). "If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place. To discourage such greed, a server reaction is is needful . . . " *Serrano v. Unruh,* 32 Cal. 3d 621, 635 (1982) , *quoting Brown v. Stackler,* 612 F.2d 1057, 1059 (1980)

### A. The Contract with Advance Inheritance Does not Provide for Attorneys fees Against Plaintiff Personally

This Court dismissed a claim by Plaintiff against Advance Inheritance, LLC on the grounds that the advance did not provide for personal liability as to Plaintiff and was not a loan. Specifically, with respect to the assignment the Court ruled, "Plaintiff incurred no debt and AI had no recourse against Plaintiff if his potential inheritance was not sufficient to cover his assignment." Defendant Advance Inheritance, LLC ("AI") argued the same in its motion to dismiss. Now AI demands an award of attorneys fees personally against Plaintiff despite the Court's finding that it has no personal recourse against him. AI cannot have it both ways. Thus, one reason the Court should reject Advance Inheritance's application for attorneys fees is that it does not have personal recourse against Plaintiff under the inheritance assignment (see verified complaint, Ex. 5, paragraph 3).

Furthermore, it is undisputed that Advance Inheritance, LLC drafted this contract and

therefore, to the extent there is any ambiguity in the assignment as to whether Plaintiff is personally liable, the assignment should be construed in a manner that favors Plaintiff. *See Jaramillo v. JH Real Estate Partners, Inc.* (2003) 111 Cal.App.4th 394, 399; *Mayhew v. Benninghoff* (1997) 62 Cal. Rptr.2d 27, 32 (the doctrine of contra proferentum (construing ambiguous agreements against the drafter) applies with even greater force when the person who prepare the writing is a lawyer").

Finally, the contract states that attorneys fees come into play only if "required to enforce the terms of this Assignment". The defense of Plaintiff's claims against Advance Inheritance under the Federal Truth In Lending Act does not include "enforcing the terms" of the assignment since it long ago received the money. In fact, TILA does not allow a prevailing creditor to obtain attorneys fees. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 703 n.10 (9th Cir. 1986).

Finally, Defendant AI cannot rely upon the deed of trust either because the deed of trust was disavowed by Defendant AI as meaningless and of no consequence in its motion. The Court found there was no loan and based on this cannot now say that the advance was a secured debt for purposes of awarding attorneys fees. It would be unfair and inequitable for Court to dismiss Plaintiff's claim against Advance Inheritance, LLC on the one hand because there is no loan and no personal recourse and on the other grant an award of attorneys fees that will be personally owed by Plaintiff based on the same documents. Furthermore, Advance Inheritance is not even a party to the deed of trust at Exhibit 11 to the Verified Complaint that Defendants cite and rely upon.

**B.     Attorneys Fees are Not Available to Val Chris or Lawrence Marion under the Deed of Trust for the Second Loan Because The Lawsuit Has Not Concluded Yet**

The Oregon Federal District Court, applying California law faced the same issue presented by Defendants' motion, namely, can the Defendants be declared prevailing party and collect attorneys fees under a contract provision when they succeed in having a case terminated in Federal Court so that the case may continue in another Court. The result in this case should be the same result determined in *Mail Boxes, Ect., Inc. v. Sanford Industries, Inc.* (D. Or. May 1, 2006) Case No. 06-6027-AA, Docket No. 48, where the Oregon District Court denied a request for attorney's fees and costs after the Judge had dismissed case for lack of venue based on a forum selection clause in a franchise agreement. (Opinion attached as Exhibit A). Just as in *Mail Boxes, Ect., Inc.*, the present

case is no longer continuing in the federal court, but this was not enough for the Federal Court in *Mail Boxes* to award costs and fees to the defendant and it should not be enough to justify an award of costs in this Court. Specifically, the Oregon Federal Court stated,

> "California Courts have consistently ruled that . . . § 1717 'requires that there be some final disposition of the rights of the parties.' Lachkar v. Lachkar, 182 Cal. App. 3d 641, 648 (1986); see also Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (the prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.' (ciging Bank of Iadaho v. Pine Ave. Assoc. 137 Cal. App. 3d 5, 15 (1982))."

The Court denied requests for attorneys fees and costs by one of the parties. Here the federal claims have been dismissed, but State claims based on the very same facts that engendered the federal claims are still pending in State court. Until a final determination is made by the State Court on the state law claims that has been remanded, there can be no "comparison of the extent to which each party has succeeded and failed to succeed in its contentions." For this reason, Defendants application for attorneys fees is premature and ultimately, must be decided by the State Court, if and when the State court makes a final determination based on the remaining causes of action. As a matter of policy, allowing the Defendants to obtain a judgment for attorney's fees in the federal court while the state court action is still pending would create a perverse result, where Defendants could be enforcing a judgment for attorneys fees in Federal Court while simultaneously Plaintiff is seeking judgment in State Court.

**C.    There is no Basis for an Award of Attorneys fees to James Leestma**

Even though Defendant Leestma apparently joins in on the motion for fees, there is no basis for an award of attorneys' fees owed to him personally.

**III.    Costs are not available under Rule 54(d)**

Defendants also made a request for costs that Plaintiff has opposed. The local rule applicable to the request is 54.1. Local Rule 54.1(a) allows costs only after the entry of judgment. Defendant relies upon the Court's remand order to meet this requirement. The document relied upon

by Defendant as a "Judgment" is not actually a judgment within the definition of rule 54(a) because a judgment does not appear in the document alone. Rule 54(a) states, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Defendants rely upon the seven page remand order as evidence of the judgment issued in this case; however, that document is not a judgment because it includes "recitals of pleadings, . . . or a record of prior proceedings." Since this document contains factual background, and legal reasoning, it is not a judgment as defined in the Rule.

Local Rule 54.1(f) states, "The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except for a voluntary dismissal under Fed. R. Civ. P. 41(a)." Defendant is not the prevailing party under this provision because the case has not terminated yet. This is consistent with Rule 54(b), which states, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Clearly the remand order issued by the Court did not address all claims as the case is now continuing in the state court as to the state law claims. Furthermore, no Rule 54(b) certification was made by the Court.[1] As in the *Mailboxes Etc.* case, the Defendants request for attorneys fees should be denied.

**IV.    The Demanded Attorneys fees are not Reasonable or Supported by Competent Evidence**

Defendants had four attorneys working on this case while Plaintiff had only one. Defendants seek $11,803.50 in attorneys fees for time worked by these four attorneys. The submission made by Defendants is fraught with problems and, in addition to the arguments presented above, these problems present multiple other reasons for denying the Defendants' motion for fees.

No evidence is provided by Defendants to show that this amount was actually paid by Defendants or alternatively that the Geraci Law firm represented the Defendants on a contingency

---

[1] Defendant should also not be allowed to tax costs because the Federal Court did not make a Rule 54(b) certification. See, e.g., *Huene v. United States*, 743 F.2d 703, 705 (9th Cir. 1984) (holding that entry of judgment disposing of one of two consolidated cases was not an appealable judgment under 28 U.S.C. § 1291, absent a Rule 54(b) certification).

basis. For example, although the Geraci Law firm represents multiple defendants only two bills are submitted and both bills are for the same client number, "3041.51". Defendants do not identify which Defendant is client no. 3041.51. The bills disclose billings for conversations between the Geraci law firm and James Leetsma, the principal owner of Advance Inheritance, but there is no line item showing a conversation between the Geraci law firm and any representative of Val Chris Investments, Inc. or Lawrence Marion. It appears that the bills submitted were sent only to Advance Inheritance and as such do not support an award of attorneys fees to Val Chris Investments, Inc. or Lawrence Marion. Defendants have to establish independent bases for each Defendant to collect attorneys fees and they have failed to do so. They have also failed to distinguish how much of the fees should be allocated to each Defendant.

No evidence is provided to show that $295.00 is a reasonable hourly rate for the work done on this case except for the self serving declarations of defense counsel. Again, it is not even clear that any of the Defendants paid the rate claimed. A declaration from Nema Daghbandan is also submitted, and she uses the title "Esq." after her name, but Plaintiff's counsel finds no record of her as an attorney at the website of the state of California. She states that $225.00 is reasonable but if she is not even licensed as an attorney, that does not sound like a reasonable rate. Attorney Sabine Wromar, esq. declares that $295.00 is reasonable, but there is no supporting evidence provided regarding her experience. It is possible based on the declaration submitted that Ms. Wromar is a contract attorney paid much less than $295.00 per hour. The state bar website does not even show that she works for the Geraci law firm. Amy Martinez's declaration states that her rate is $295, but the billing statements do not show entries for AEM. They only show entries for an "AM" billed at the rate of $225.00. None of the declarations authenticate the submitted billing statements and there is no evidence that the entries were created at or near the time when the work was performed, which makes them inadmissible hearsay.

No evidence is provided suggesting that the $11,803.50 compensates for only the work done by defense counsel dealing with the causes of action that were dismissed by the Federal Court rather than all of the causes of action in Plaintiff's complaint, including the state causes of action, which are still pending in State court. Page 20 of document 44-1, which is page 2 of Exhibit B, lists

multiple items that had nothing to do with the federal court decision. For example, the first entry of 2.9 hours mentions that "AM" researched RESPA, but no RESPA violation was claimed in the Complaint. Below that on the same page, entries dealing with issues other than TILA and the Fair Debt collection laws appear including 3/9 0.7 hours on "Reed is not the correct party", 1.2 hours on "Draft Demurrer" by N. Daghbandan, which is a state court document, not a federal court document, 4 hours by S. Wromar "meet and confer with Amy and Nema on the responses to the individual causes of action relating to Advance Inheritance and Val-Chris", apparently including more than just the federal causes of action. The entry by S. Wromar shows that there was a four hour meeting, but neither Nena or Amy have a record of the same meeting. These entries total up to about 8.8 hours.

Page 21, or page 3 of Exhibit B, discloses more entries that have nothing to do with the reason why the federal court remanded the case to state court: 3/10 0.8 hours "Draft Motion to Dismiss regarding no cause of action for violation of the California Predatory Lending Act", 0.2 hour "Phone call to client Leestma regrding whether AI served as escrow company", 1.10 hour "Legal research regarding California Predatory Lending Act in preparation for drafting Motion to dismiss regarding same", 0.5 hour "Draft Motion to Dismiss regarding no cause of action for breach of escrow duties", 0.4 hour "Review letters sent by AI via e-mail in preparpartion for attaching to Motion to Dismiss", 0.2 hour "Phone call to Leestma regarding letter executed by Reed allowing for transfer of funds to Lanser", 0.6 hour "Draft Motion to Dismiss regarding no fiduciary duty owed by AI or Leestma". All of these entries refer to "A.M." and total up 3.8 hours. Another entry appears by CLG for 3/25 0.2 hours regarding "Review research on Standing issue and whether Complaint can be brought in Reed's own name", which issue also has nothing to do with the federal claims dismissed. Most of the entries that appear on page 25, which is page 7 of Exhibit B also have nothing to do with the TILA issues and instead pertain to the causes of action for rescission and injunctive relief. This includes an additional 5.2 hours.

Where the amount of demanded attorneys fees is unreasonable, the Court has cause to deny the request outright. The amounts claimed here are excessive. They involve a claim for hours billed that have nothing to do with the reason the court remanded the case to state court. They include a claim for attorneys fees incurred by someone who is not even a licensed attorney. They make no

1 | explanation as to why four attorneys were needed to complete the work.  The billing statements also
2 | reflect that James Leestma, the client, prepared the initial drafts of the relevant portions of the
3 | motion to dismiss and reply brief.

**V.     Conclusion**

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' request for attorneys fees and costs.

Dated: 1/23/2012                    Respectfully submitted,


                                    /S/ Daniel Lickel
                                    Daniel Lickel, Esq. Attorney for the Plaintiff

DECLARATION OF DANIEL LICKEL

I, DANIEL LICKEL, declare as follows:

1. I am an attorney licensed in the state of California with bar number 224510. I represent the Plaintiff in this action. I have personal knowledge of the facts stated herein and if called upon in court, could and would competently testify thereto.

2. On January 23, 2012, I searched for an attorney named Nema Daghbandan on the website of the California State Bar and found none. I also researched an attorney named Sabine Wromar and did not find that she was an employee of the Geraci Law Firm. I did these searches at www.calbar.org.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this 23rd day of January, 2012, San Diego, California.

Daniel Lickel

## CERTIFICATE OF SERVICE

I, Daniel Lickel, am attorney for the Plaintiff in this matter and certify that on January 23, 2012, this document was served electronically as follows:  (1) to Janis L Turner, attorney for Defendants Rene Conte and Greg Conte, doing business as G&R Financial Services, at the following email addresses:  jlt@janturnerlaw.com, lori@janturnerlaw.com; and (2) to Christina Geraci, Attorney for Defendants Val-Chris Investments, Inc., Advance Inheritance, LLC, Marion Lawrence, and James Leestma at the following email addresses:
Christina Lenore Geraci christina@geracilawfirm.com, christinageraci@hotmail.com.

I declare the foregoing certification of service to be true and correct under the penalty of perjury under the laws of the United States of America.

**/s/ Daniel Lickel**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAIL BOXES, ETC., INC., a
Delaware corporation,

        Plaintiff,

   v.

SANFORD INDUSTRIES, INC., an
Oregon corporation, IRENE
SANFORD and GENE SANFORD,

        Defendants.

Civ. No. 06-6027-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff Mail Boxes Etc. (MBE) filed suit alleging trademark infringement in violation of 15 U.S.C. § 1114(1) and common law claims of unfair competition and breach of contract. MBE sought a temporary restraining order (TRO) enjoining defendants from using MBE's trademarks and requiring them to comply with post-termination

1   - OPINION AND ORDER

provisions of the franchise agreement between the parties. On February 16, 2006, the court issued an order denying the motion and dismissing the case for lack of venue, based on a forum selection clause in the franchise agreement.

Defendants now move for an award of costs and attorney fees in defending plaintiff's motion. Defendants rely on the attorney fee provision of the franchise agreement. Section 19.05 of the franchise agreement provides:

> In the event legal action is instituted by any party to this Franchise Agreement to enforce the terms of this Agreement, or any claims arising out of the execution of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees.[1]

Plaintiff argues that defendants cannot seek attorney fees under any provision of the franchise agreement, because they relied on the forum selection clause to argue that this court was not the proper venue to resolve any claim relating to the franchise agreement. Thus, because defendants' motion for attorney fees is based on the franchise agreement, plaintiff argues that defendants cannot seek fees in the venue they earlier argued was improper. See Penn, LLC v. New Edge Network, Inc., 2003 WL 22765048 (N.D. Ill. Nov. 20, 2003). I am unpersuaded.

I do not find contradictory defendants' motion to enforce the forum selection provision of the franchise agreement and their

---

[1] Defendants also cite the Guarantee signed by individual defendants and the attorney fee provision contained therein.

2 - OPINION AND ORDER

request for attorney fees incurred in bringing the motion. In moving to dismiss, defendants argued that this court was not the proper venue to resolve plaintiff's claims regarding defendants' alleged violation of the franchise agreement. Defendants do not request that the court now interpret provisions relevant to plaintiff's trademark or breach of contract claims; rather, defendants ask that the court find them the prevailing party in seeking enforcement of the forum selection clause and moving to dismiss the case for improper venue. Thus, if the court had jurisdiction to interpret and enforce the forum selection clause, it should retain jurisdiction to determine whether fees should be awarded. Indeed, as defendants point out, district courts retain jurisdiction over motions for attorney fees and other "independent proceeding[s] supplemental to the original proceeding." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992).

Plaintiff next argue that defendants were not prevailing parties under applicable California law. Plaintiff is correct that the franchise agreement, including the attorney fees provision, is governed by California law. California Civil Code § 1717 provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

3    - OPINION AND ORDER

Cal. Civ. Code § 1717(a). Generally, "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract," and "[t]he court may also determine that there is no party prevailing on the contract for purposes of this section." Id. § 1717(b)(1). Finally, "[t]he court . . . shall determine who is the party prevailing on the contract . . . whether or not the suit proceeds to final judgment." Id.

California courts have consistently ruled that although § 1717 does not require final judgment to be rendered to award fees, it "requires that there be some final disposition of the rights of the parties." Lachkar v. Lachkar, 182 Cal. App.3d 641, 648 (1986); see also Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (the prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." (citing Bank of Idaho v. Pine Avenue Assoc. 137 Cal. App.3d 5, 15 (1982)).

The court shares in defendants' frustration at incurring unnecessary expenses in this case where the parties' agreement clearly dictated the forum in which plaintiff could file suit. Further, plaintiff's motion for temporary restraining order was not based on defendants' actual use of plaintiff's mark but on an old coupon offered at a third party's website and a yellow pages telephone listing that did not reflect defendants' changed name and

4   - OPINION AND ORDER

logo. Yet, despite the apparent inequity suffered by defendants, California law prohibits an award of attorney fees under § 1717 absent some resolution of the underlying contract claims. Here, the court's Opinion and Order granting defendants' motion to dismiss did not resolve any substantive rights of the parties. Therefore, even though defendants successfully enforced the forum selection clause of the franchise agreement, they are not prevailing parties "on the contract" under California law.

Defendants also seek costs pursuant to 28 U.S.C. § 1920 and, presumably, Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) allows costs "as of course to the prevailing party." For the same reason that defendants are not entitled to attorney fees under § 1717, they are not entitled to costs under Rule 54(d).

## CONCLUSION

Defendants' Motion for Attorney Fees (doc. 31) and Bill of Costs (doc. 29) are DENIED.

IT IS SO ORDERED.

Dated this __1__ day of May, 2006.

                            /s/ Ann Aiken
                              Ann Aiken
                  United States District Judge