FILED

2012 MAY 25   AM 10: 03

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN EDWARD REED, | CASE NO. 11-cv-371 – BEN (WMC) |
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES, [Doc. No. 44]; and** |
| VAL-CHRIS INVESTMENTS, INC., a California Corporation; RENE CONTE, an individual doing business as G&R Financial Services; GREG CONTE, an individual doing business as G&R Financial Services; ADVANCE INHERITANCE, LLC, a Delaware limited liability company; MARION LAWRENCE, an individual; JAMES LEESTMA, an individual; CRAIG LANSER, an individual; RESS FINANCIAL CORPORATION, a California corporation; and DOES 1-100, inclusive, | **(2) GRANTING PLAINTIFF'S MOTION FOR TAXATION OF COSTS, [Doc. No. 52].** |
| Defendants. | |

Plaintiff commenced this action in state court, asserting violations of state and federal law resulting from two transactions he entered into with Defendants. Defendants removed the case to this Court based on federal question jurisdiction. Upon Defendants' motion to dismiss, the Court dismissed all of Plaintiff's federal claims and remanded the action to state court. Presently before the Court are Defendants' motion for attorney's fees and Plaintiff's motion to re-tax costs. Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** Defendants' motion for attorney's fees and **GRANTS** Plaintiff's motion to re-tax costs.

**BACKGROUND**

Plaintiff Jonathan Edward Reed asserts violations of state and federal law resulting from two transactions he entered into with Defendants. The first transaction was an advance on Plaintiff's inheritance. Under the terms of the transaction, Plaintiff assigned a portion of his interest in his father's Estate to Defendant Advance Inheritance ("AI") in exchange for $35,000. (Compl., Ex. 5.) AI would receive $42,000 if the Estate was distributed before July 30, 2010 and $50,000 if the Estate was distributed after July 30, 2010. (*Id.*) Under the terms of the assignment, AI could not recover any unpaid portion of the assigned amount from Plaintiff. (*Id.*) The assignment was signed by Plaintiff on February 17, 2010 and signed by Defendant James Leestma as President of AI on February 23, 2010. (*Id.*) The assignment provided that "AI or [Plaintiff], but not both, shall be entitled to attorney's fees and costs if required to enforce the terms of this Assignment . . . ." (*Id.* ¶ 6.)

The second transaction was between Plaintiff's father's Estate and Defendant Val-Chris Investments, Inc. ("Val-Chris") for a loan of $85,000. (Compl., Ex. 10.) "The Estate of Ronald P. Reed" was identified as the "Borrower" and Plaintiff signed as "Jonathan Edward Reed, Administrator." (*Id.*) The note was signed on April 7, 2010 and secured by a Deed of Trust upon the Estate's property. (Compl., Ex. 11.) The Deed of Trust provided that "[i]f Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, . . . then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. . . . Any [such] amounts disbursed by Lender . . . shall become additional indebtedness of Borrower secured by this Deed of Trust." (*Id.* ¶ 7.) The note was later transferred from Val-Chris to Defendant Lawrence Marion. (Compl., Ex. 13.)

Plaintiff commenced this action on February 4, 2011, by filing a complaint in the Superior Court for the County of San Diego. Plaintiff's complaint alleged fifteen causes of action: (1) violation of the Truth in Lending Act ("TILA") as to Defendant AI; (2) breach of escrow duties; (3) TILA violations as to Defendants Val-Chris and Lawrence Marion; (4) violation of the California Predatory Lending Act; (5) violation of California's Real Estate Licensing Regulations; (6) fraud, fraudulent concealment, and negligent misrepresentation; (7) breach of fiduciary duties; (8) constructive fraud;

1    (9) negligence; (10) violation of California's Rosenthal Act; (11) violation of federal Fair Debt

2    Collections Practices Act ("FDCPA"); (12) fraudulent, deceptive, and unlawful business practices;

3    (13) rescission of contract; (14) declaratory relief; and (15) injunctive relief. On February 22, 2011,

4    Defendants removed the case to this Court based on federal question jurisdiction.

5         On December 5, 2011, the Court issued an order ruling on Defendants AI, Marion, Leestma,

6    and Val-Chris's motion to dismiss. [Doc. No. 41.] The Court dismissed all of Plaintiff's federal

7    causes of action (under TILA and FDCPA) and remanded the case. Specifically, with respect to

8    Plaintiff's TILA causes of action, the Court concluded that the two transactions at issue were not

9    subject to the requirements of TILA. (*Id.*, at 3-5.) The Court also dismissed Plaintiff's FDCPA claim

10   because it was tied to Plaintiff's purported notice of rescission under TILA. (*Id.*, at 5.)

11        Defendants AI, Val-Chris, and Marion bring the present motion to recover attorney's fees.

12   They contend that they are the prevailing parties because the Court ruled in their favor as to the federal

13   causes of action. Plaintiff filed an opposition and Defendants replied.

14        The Clerk of Court taxed costs in the amount of $350 against Plaintiff. Plaintiff subsequently

15   filed a motion to re-tax costs. Defendants have not filed an opposition to Plaintiff's motion.

16        The Court decides these motions without oral argument pursuant to Civil Local Rule 7.1(d)(1).

17                                    **DISCUSSION**

18   **I.    Defendants' motion for attorney's fees**

19        Defendants seek attorney's fees pursuant to California Civil Code § 1717 and under the two

20   assignments. Plaintiff objects on several grounds. First, Plaintiff contends that having successfully

21   defended against the federal causes of action on the ground that TILA and FDCPA did not apply to

22   the assignments at issue, Defendants cannot now turn around and seek to recover based on those

23   assignments. Second, Plaintiff asserts the motion for attorney's fees is premature because the case still

24   continues in state court, and therefore there is no "prevailing party" yet. Third, Plaintiff argues that

25   the specific language of both assignments precludes recovery under these circumstances. Finally,

26   Plaintiff objects to the reasonableness and accuracy of the amount claimed by Defendants.

27        Defendants' motion for attorney's fees is governed by state law. *See Berkla v. Corel Corp.*,

28   303 F.3d 909, 919 n.11 (9th Cir. 2002). California permits parties to allocate attorney's fees by

1   contract. *See* CAL. CIV. PROC. CODE § 1021. "This ability to contract out of the American rule, under

2   which each party pays its own attorney's fees, is circumscribed, however, by California Civil Code

3   § 1717, which was 'enacted to limit the ability of a dominant contracting party to provide for a right

4   to attorney's fees on only one side of an agreement.'" *Berkla*, 303 F.3d at 919 (quoting *Sears v.*

5   *Baccaglio*, 60 Cal. App. 4th 1136, 1144 (1998)). Section 1717 provides, in relevant part:

6         In any action on a contract, where the contract specifically provides that attorney's fees
          and costs, which are incurred to enforce that contract, shall be awarded either to one
7         of the parties or to the prevailing party, then the party who is determined to be the party
          prevailing on the contract, whether he or she is the party specified in the contract or
8         not, shall be entitled to reasonable attorney's fees in addition to other costs.

9   CAL. CIV. CODE § 1717(a). The statute further provides that the court "shall determine who is the

10  party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final

11  judgment." *Id.* § 1717(b)(1). "[T]he party prevailing on the contract shall be the party who recovered

12  a greater relief in the action on the contract. The court may also determine that there is no party

13  prevailing on the contract for purposes of this section." *Id.*

14        Turning to Plaintiff's arguments, the Court first rejects the contention that Defendants cannot

15  recover attorney's fees because they allegedly "disavowed [the assignments at issue] as meaningless

16  and of no consequence" to Plaintiff's federal claims. (*See* Pl. Opp. to Defs.' Motion for the Recovery

17  of Prevailing Party Att'ys' Fees, at 4.) "[T]he validity or existence of the contract alleged in [the]

18  complaint is not a prerequisite to an award of attorney fees under section 1717." *Hsu v. Abbara*, 9 Cal.

19  4th 863, 870 (1995). Rather, "a party is entitled to attorney fees under section 1717 'even when the

20  party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the

21  other party would have been entitled to attorney's fees had it prevailed.'" *Id.* (citations omitted).

22  Accordingly, as long as they are the "prevailing party," Defendants may recover reasonable attorney's

23  fees even if they previously disavowed the validity or existence of the assignments at issue.

24        Contrary to Defendants' contentions, however, they are not the "prevailing party" for purposes

25  of § 1717. In *Hsu*, the California Supreme Court explained:

26        [I]n deciding whether there is a party prevailing on the contract, the trial court is to
          compare the relief awarded *on the contract claim or claims* with the parties' demands
27        on those same claims and their litigation objectives as disclosed by the pleadings, trial
          briefs, opening statements, and similar sources. The prevailing party determination is
28        to be made only upon *final resolution of the contract claims* and only by a comparison
          of the extent to which each party has succeeded and failed to succeed in its contentions.

                                        - 4 -                                      11cv371

1   9 Cal. 4th at 876 (citation and internal quotation marks omitted) (emphases added).  The court

2   emphasized that "in determining litigation success, courts should respect substance rather than form,

3   and to this extent should be guided by 'equitable considerations.'" *Id.* at 877 (emphasis omitted).

4          In this case, there has been no "final resolution of the contract claims." *See id.* at 876.  Rather,

5   the Court merely dismissed Plaintiff's three federal causes of action on the ground that the assignments

6   at issue were not governed by TILA and remanded to state court for the determination of the remaining

7   twelve causes of action.   Under these circumstances, there has been no "party prevailing on the

8   contract" as required by § 1717(a).  Accordingly, Defendants are not entitled to attorney's fees

9   pursuant to § 1717.  *See Garzon v. Varese*, No. CV 09-9010 PSG (PLAx), 2011 WL 103948, at *3

10  (C.D. Cal. Jan. 11, 2011) (denying defendants' motion for attorney's fees under § 1717 where the case

11  was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b)); *CK DFW*

12  *Partners Ltd. v. City Kitchens, Inc.*, 541 F. Supp. 2d 839, 841-43 (N.D. Tex. 2008) (denying

13  defendants' motion for attorney's fees under § 1717 where court dismissed the case for improper

14  venue "without prejudice to refiling in California"); *Laurel Vill. Bakery, LLC v. Global Payments*

15  *Direct, Inc.*, No. C06-1332 MJJ, 2007 WL 4410396, at *4 (N.D. Cal. Dec. 14, 2007) (despite the

16  dismissal of the action for improper venue, defendants were not entitled to attorney's fees under

17  § 1717 because "no decision has been reached on the merits of Plaintiff's contract claims"); *N.R. v.*

18  *San Ramon Valley Unified Sch. Dist.*, No. C. 05-0441 SI, 2006 WL 1867682, at *2 (N.D. Cal. July 6,

19  2006) (despite dismissal for lack of jurisdiction, defendants were not the prevailing party on the

20  contract for purposes of § 1717 because plaintiffs "remain[ed] free . . . to pursue their breach of

21  contract claims in state court"); *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005)

22  (defendants were not the prevailing party on the contract for purposes of § 1717 where the court's

23  "dismissal for lack of subject matter jurisdiction in *federal court* did not foreclose the possibility that

24  Plaintiff could pursue its contract claims in *state court*" (emphases in original)).

25         Accordingly, because the merits of Plaintiff's contract claims are still being litigated in state

26  court, there has been no "party prevailing on the contract" as required by § 1717(a).  Accordingly,

27  Defendants' motion for attorney's fees is premature and must be **DENIED**.

28  ///

**II.    Plaintiff's motion to re-tax costs**

The Clerk of Court taxed costs in the amount of $350 against Plaintiff.  Plaintiff now moves to re-tax the costs, arguing that there has been no determination as to the prevailing party.  In light of Defendants' failure to oppose the motion, the Court **GRANTS** the motion.  *See* CIV. L.R. 7.1(f)(3)(c) (failure to oppose a motion "may constitute a consent to the granting of [the] motion").

<strong>CONCLUSION</strong>

Defendants' motion for attorney's fees is **DENIED**.  Plaintiff's motion to re-tax costs is **GRANTED**.  Defendants are not entitled to costs.  The Clerk of Court shall re-tax the costs.

**IT IS SO ORDERED.**

Date:  May 24, 2012

Honorable Roger T. Benitez
United States District Judge